UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA WAGON in her individual capacity and as conservator for SULLIVAN R. FROM, <br><br> Plaintiffs, <br><br> v. <br><br> ROCKLIN UNIFIED SCHOOL DISTRICT, PLACER COUNTY OFFICE OF EDUCATION, DAVID HAWKINS, and DOES 1-30, <br><br> Defendants. | No. 2:17-cv-01666-TLN-KJN <br><br> **ORDER** |

This matter is before the Court on Defendants' Rocklin Unified School District, Placer County Office of Education, and David Hawkins' ("Defendants") Motion to Dismiss. (ECF No. 6.) Plaintiff Alicia Wagon ("Plaintiff") opposes Defendants' motion. (ECF No. 9.) Defendants filed a reply. (ECF No. 10.) For the reasons below, the Court hereby DENIES Defendants' Motion to Dismiss. (ECF No. 6.)

///
///
///
///

1

# I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff Alicia Wagon ("Plaintiff") alleges that Defendant David Hawkins ("Hawkins"), a bus driver for Defendant Rocklin Unified School District ("RUSD"), subjected her son, Sullivan R. From ("S.R.F."), to repeated verbal, physical, psychological, and emotional abuse. (ECF No. 1 ¶ 15.)

S.R.F. is a nonverbal individual living with Cerebral Palsy. (ECF No. 1 ¶ 9.) S.R.F. resides within RUSD (ECF No. 1 at 1) and receives special education services through the Placer County Office of Education ("PCOE") (ECF No. 1 ¶ 10). Pursuant to his Individualized Education Plan ("IEP") provided by PCOE, S.R.F. received transportation to his placement at Del Oro High School via RUSD's buses on Transportation Route 32. (ECF No. 1 ¶ 12.) School staff were required to assist S.R.F. when ambulating through use of a gait belt to ensure his safety. (ECF No. 1 ¶ 9.) On the bus, the gait belt completely harnessed S.R.F. to his bus seat so that he could not fall or otherwise get out of his seat on his own. (ECF No. 1 ¶ 9.)

On September 28, 2016, Plaintiff was notified by S.R.F.'s teacher that S.R.F. had a bruise on his thigh. (ECF No. 1 ¶ 11.) Concerned that S.R.F.'s injury occurred while riding the bus, Plaintiff asked to review the recordings from the cameras on the bus from September 26, 27, and 28, 2016. (ECF No. 1 ¶ 14.) Upon viewing the bus recordings at the RUSD Transportation Office, Plaintiff observed several instances of disturbing behavior by Hawkins. (*See* ECF No. 1 ¶¶ 14, 15.)

Plaintiff observed Hawkins yell at close range in S.R.F.'s face, make derogatory comments to others about S.R.F. while in his presence, talk about S.R.F. while in his presence as if "he was not a sensitive and perceptive human being", use inappropriate, degrading, and intimidating voice tones, facial expressions, body language, and gestures toward S.R.F., and, make statements such as: "oh he's a pisser this morning;" "you almost look like you know what you're doing;" "we're not going to be friends anymore if you keep being bad;" "he's a brat;" "quit being such a brat, you know better;" "you're just being a brat;" and "take him please!" (ECF No. 1 ¶ 17.) Plaintiff alleges that Hawkins directed disability-related epithets and

---

[1] The following allegations are taken, sometimes verbatim, from Plaintiff's complaint. (ECF No. 1.)

2

derogatory comments toward S.R.F. when he urinated while on the bus, or engaged in repetitive movements or in touching, lifting, or moving items as a result of his disability. (ECF No. 1 ¶ 48.)

Additionally, Plaintiff observed in the recordings an instance of Hawkins forcefully shoving S.R.F. back in his seat when S.R.F. leaned forward, even though he was fully harnessed and incapable of getting out of his seat. (ECF No. 1 ¶ 18.) Plaintiff also observed an incident where Hawkins got off the bus during a stop and yelled "bye!" to his bus full of students with severe cognitive and physical disabilities, leaving them alone and unsupervised on the bus for several minutes. (ECF No. 1 ¶ 19.) Plaintiff further alleges that Hawkins played the radio at an excessively loud volume, causing students with various disabilities, like S.R.F., to become anxious and agitated, and experience sensory overload. (ECF No. 1 ¶ 20.)

S.R.F., as a nonverbal dependent adult with significant disabilities, was unable to communicate Hawkins' behavior to his mother. (ECF No. 1 ¶ 22.) S.R.F. exhibited changes in behavior during this time, regressing in several areas that he had previously made progress or mastered. (ECF No. 1 ¶ 24.) S.R.F. also showed signs of distress at the end of his school day as the time approached to load the bus; S.R.F.'s teacher documented these signs and communicated them to Plaintiff. (ECF No. 1 ¶ 24.)

On information and belief, Plaintiff alleges PCOE and RUSD administrators had access to the bus videos and audio recordings of RUSD Transportation Route 32, and failed to monitor Hawkins and/or prevent his further abuse of S.R.F. (ECF No. 1 ¶ 25.) On information and belief, Plaintiff alleges that RUSD is responsible for Hawkins' actions, as they were taken during the course and scope of his employment with RUSD. (ECF No. 1 ¶ 26.)

On August 11, 2017, Plaintiff filed the instant lawsuit against RUSD, PCOE, Hawkins, and Does 1–30 (collectively, "Defendants"), alleging the following causes of action: (1) Violation of Fourth Amendment Rights under 42 U.S.C. § 1983 against Hawkins; (2) Discrimination in Violation of Americans with Disabilities Act ("ADA") against RUSD and PCOE; (3) Violation of § 504 of the Rehabilitation Act of 1973 against RUSD and PCOE; (4) Battery against Hawkins; (5) Negligence against Hawkins and RUSD; (6) Negligent Supervision against RUSD; (7) Violation of Unruh Civil Rights Act against RUSD; and (8) Violation of California Civil Code

§52.1 against Hawkins and RUSD. (*See* ECF No. 1.) Defendants now move to dismiss Plaintiff's first, second, third, seventh and eighth claims. (*See* ECF No. 6.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.    ANALYSIS**

A. Claim One: Violation of Fourth Amendment Rights under 42 U.S.C. § 1983

Defendants argue that Plaintiff's first cause of action, violation of Fourth Amendment rights pursuant to 42 U.S.C. § 1983, should be dismissed because Plaintiff failed to allege any unconstitutional seizure by Hawkins. (ECF No. 6 at 2.) In opposition, Plaintiff argues that there need not be a typical "seizure" per se to show a violation of Fourth Amendment rights if there is excessive force exerted by school personnel. (ECF No. 9 at 12.)

The consequences of a school employee's use of force against a student at school are generally analyzed under the "reasonableness" rubric of the Fourth Amendment. *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1180 (9th Cir. 2007); *see Doe ex rel. Doe v. Haw. Dept. of Educ.*, 334 F.3d 906, 908–09 (9th Cir. 2003) (explaining the move away from analyzing such claims under a Fourteenth Amendment substantive due process framework). The Fourth Amendment's "reasonableness" standard, as applied in a school context, balances educational objectives with the particular characteristics of the student, such as age and sex, and the nature of the infraction. *See Doe*, 334 F.3d at 909. If there is no need for the claimed excessive force, then the use of force is considered unreasonable in violation of the Fourth Amendment, particularly if the student is more vulnerable than the average student of the same age and sex due to a disability. *See Preschooler II*, 479 F.3d at 1180–81.

Plaintiffs allege that Hawkins, acting under color of state law as an employee of RUSD, utilized unjustified force against S.R.F. when Hawkins shoved S.R.F. back in his seat while he was fully harnessed and incapable of getting out of his seat on his own. (ECF No. 1 ¶ 37.) Defendants argue in their reply to Plaintiff's opposition that a single incident of shoving does not rise to the level of a Constitutional violation. (ECF No. 10 at 2–3.) However, a single adverse action against a student in school is adequate to establish a prima facie violation of Fourth Amendment rights. *See Doe*, 334 F.3d at 910 (finding a single incident of a principal taping a student's head to a tree sufficient for a fact finder to conclude there was unreasonable conduct in violation of the Fourth Amendment); *C.B. v. City of Sonora*, 769 F.3d 1005, 1030–31 (9th Cir. 2014) (en banc) (reversing trial court's ruling on a motion for judgment as a matter of law on two officers' qualified immunity claims because "no officer could have reasonably believed that their use of handcuffs to remove C.B. from school grounds complied with the Fourth Amendment."); *T.A. ex rel. Amador v. McSwain Union Elementary Sch. Dist.*, No. CV-F-08-1986, 2009 WL 1748793, at *8 (E.D. Cal. June 18, 2009) (finding that Plaintiff submitted sufficient evidence on motion to dismiss where teacher grabbed student's arm and forcibly escorted her to the principal's office); *Gorthy v. Clovis Unified Sch. Dist.*, No. CVF05-1052RECJLO, 2006 WL 236939, at *3–4 (E.D. Cal. Jan. 31, 2006) (finding that Plaintiff submitted sufficient evidence on

motion to dismiss where coach ordered Plaintiff to perform the "bear crawls" despite his protests). Taking Plaintiff's allegations as true, Plaintiff has adequately pleaded that Hawkins used unreasonable force in violation of the Fourth Amendment when Hawkins shoved S.R.F. without justification.

Accordingly, the Court DENIES Defendants' Motion to Dismiss Plaintiff's First claim.

### B. Claims Two and Three: Discrimination in Violation of the ADA and Section 504 of the Rehabilitation Act of 1973

Defendants argue that the Court should dismiss Plaintiff's second and third causes of action because there are insufficient allegations S.R.F. was discriminated against due to his disability and there are no allegations of deliberate indifference. (ECF No. 6 at 10, 13.) In opposition, Plaintiff argues that she has adequately pleaded discrimination claims under Title II of the ADA and Section 504 of the Rehabilitation Act of 1973 because Hawkins' actions were motivated by an obvious animus toward S.R.F. as a disabled individual and he subjected S.R.F. to physical, verbal, emotional, and psychological abuse because of various symptoms manifested from S.R.F.'s disability. (ECF No. 9 at 14.)

To establish a prima facie case of disability discrimination under Title II of the ADA, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.[2] *Weinreich v. L.A. Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). A prima facie case under the Rehabilitation Act has identical elements, except that the plaintiff must also prove that the relevant program receives federal financial assistance. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must additionally prove intentional discrimination as defined by the "deliberate indifference" standard. *Id.* at 1138. "Deliberate indifference requires both knowledge that a harm

---
[2] In contrast to the "by reason of" causation standard in the ADA, the Rehabilitation Act has a heightened causation standard. *See* 29 U.S.C. § 794 (replacing ADA's "by reason of" language with "solely by reason of").

to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139 (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

It is uncontested, that as an intellectually and physically disabled individual with Cerebral Palsy receiving special education services through PCOE, S.R.F. is a qualified individual with a disability under Title II of the ADA and the Rehabilitation Act. 42 U.S.C.A. § 12131; 29 U.S.C.A. § 705(9). Moreover, it is uncontested that RUSD and PCOE are, and have been at all relevant times, the recipients of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction, and/or maintenance of the specific public facilities and services described in the complaint and the activities that took place therein. (ECF No. 1 ¶ 52; *see* ECF No. 6.)

Instead, Defendants argue that Hawkins' actions are not sufficient to plead discrimination "by reason of" or "solely by reason of" S.R.F.'s disabilities. (*See* ECF No. 6 at 11.) Specifically, Defendants state that this element of the claim cannot be presumed or summarily inferred from underlying allegations of wrongdoing which merely happen to involve disabled students. (ECF No. 6 at 11.) In opposition, Plaintiff alleges that Hawkins' actions were motivated by his animus toward S.R.F. as a disabled individual, as evidenced by the disability-related epithets that Hawkins directed at S.R.F. and the abuse Hawkins subjected S.R.F. to because of various symptoms manifested from S.R.F.'s disability. (ECF No. 9 at 14.)

Although the Ninth Circuit has yet to clarify the standard for identifying actions as disability-based, rather than due to other reasons such as personal animus, a number of district courts have held that a nexus between the alleged disability and the alleged bullying is sufficient to satisfy the causation standard under Title II of the ADA and the Rehabilitation Act. *See Wormuth v. Lammersville Union Sch. Dist.*, 305 F. Supp. 3d 1108, 1126 (E.D. Cal. 2018) ("A nexus between the alleged disability and the alleged bullying is a prerequisite to a disability-based bullying claim."); *see also D.A. v. Meridian Joint Sch. Dist. No. 2*, 289 F.R.D. 614 (D. Idaho 2013) (finding enough to withstand summary judgment on disability-based harassment claim where classmate testified plaintiff was called a "retard" during class and that "almost everyone in his classes bullied him"; another student said plaintiff was bullied "a noticeable amount of times";

and a physician testified plaintiff was "pretty aggressively bullied and harassed."). Additionally, courts within the Northern District of California have held that abuse in response to various symptoms of a plaintiff's disability meets the causation standard for a discrimination claim under both the ADA and the Rehabilitation Act. *K.T. v. Pittsburg Unified Sch. Dist.*, 219 F. Supp. 3d 970, 980 (N.D. Cal. 2016) (finding that student sufficiently stated claims against school district under the ADA and Rehabilitation Act where teacher and/or special-education aide allegedly grabbed, slapped, and kicked student in response to various symptoms of her disability, like putting inedible objects in her mouth); *see also E.H. v. Brentwood Union School Dist.*, No. C13–3243, 2013 WL 5978008 at *5, (N.D. Cal. Nov. 4, 2013) (holding that allegations of school officials "grabbing" and "dragging" plaintiff in "direct response to manifestations of his disability" met the Rehabilitation Act's causation standard). In the present case, Plaintiff has alleged that Hawkins made statements including, but not limited to: "oh he's a pisser this morning" and "you almost look like you know what you're doing" in response to various symptoms of S.R.F.'s disabilities such as his inability to control his bladder and tendency to engage in repetitive movements. (ECF No. 1 ¶ 17; ECF No. 9 at 14–15.) This is sufficient to plead disability-based discrimination under both the ADA and the Rehabilitation Act. *See K.T.*, 219 F. Supp. 3d at 980.

Defendants' argument that Plaintiff has not met the deliberate indifference standard because there are no allegations Defendant entities were aware of any alleged discrimination or abuse is similarly insufficient. (ECF No. 6 at 13.) A plaintiff need only allege that the perpetrator of the alleged abuse was deliberately indifferent to her rights if a public entity is liable in respondeat superior for the perpetrator's actions. *Duvall*, 260 F.3d at 1141 ("When a plaintiff brings a direct suit under either the Rehabilitation Act or Title II of the ADA against a municipality (including a county), the public entity is liable for the vicarious acts of its employees."). Thus, awareness is not a requisite factor in finding an entity liable if there is vicarious liability. *See id.* Because Plaintiff has alleged that RUSD and PCOE are liable in respondeat superior for Hawkins' actions, she has sufficiently pleaded the "deliberate indifference" element necessary to recover monetary damages under Title II of the ADA and the

Rehabilitation Act. (ECF No. 1 ¶¶ 43, 56.)

Accordingly, the Court DENIES Defendants' Motion to Dismiss Plaintiff's Second and Third claims.

### C. Claim Seven: Discrimination in Violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.

Defendants argue that the Court should dismiss Plaintiff's seventh cause of action because there are insufficient allegations S.R.F. was discriminated against due to his disability. (ECF No. 6 at 11.) Plaintiff argues in opposition that because she has sufficiently stated a claim under the ADA, she has sufficiently pleaded a claim under California's Unruh Civil Rights Act under established Ninth Circuit precedent. (ECF No. 9 at 15.)

The Unruh Civil Rights Act provides that all people in California "are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." *See* Cal. Civ. Code § 51(b). In the disability context, California's Unruh Civil Rights Act operates virtually identically to the ADA. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). Thus, any violation of the ADA necessarily constitutes a violation of the Unruh Act. *Id.*

Plaintiff, in her complaint, asserts that California law considers public schools as business establishments and therefore subject to liability under the Unruh Act. (ECF No. 1 ¶ 77.) Defendants do not contest this assertion in their motion. (*See* ECF No. 6.) Instead, Defendants argue that Plaintiff has not stated a claim under the Unruh Act because there are insufficient allegations that Hawkins discriminated against S.R.F. due to his disability. (ECF No. 6 at 11.) As discussed above, Plaintiff has sufficiently pleaded that Hawkins did discriminate against S.R.F. due to his disability.

Plaintiff, in her opposition to Defendants' motion, reiterates that by sufficiently stating a claim under the ADA, she has also sufficiently pleaded a claim under California's Unruh Civil Rights Act. (ECF No. 9 at 15.) Defendants, in their reply to Plaintiff's opposition, argue that Plaintiff has failed to state a claim under the Unruh Act because Plaintiff has not alleged sufficient facts to show that Hawkins was deliberately indifferent to S.R.F.'s constitutional rights.

(ECF No. 10 at 3.)

As discussed above, Plaintiff has sufficiently pleaded the "deliberate indifference" element for her ADA claim. Under the Unruh Act, Plaintiff need not plead intentional discrimination beyond that required for an ADA claim. *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004) ("[N]o showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation . . . a violation of the ADA is, per se, a violation of the Unruh Act."); *see also Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 665 (reaffirming *Lentini*'s interpretation of the Unruh Act by finding that a plaintiff seeking damages for ADA violations under the Unruh Act is not required to separately prove intentional discrimination). Thus, Plaintiff's showing of deliberate indifference under her ADA claim is sufficient to plead this element of her Unruh Act claim.

Accordingly, the Court DENIES Defendants' Motion to Dismiss for Plaintiff's Seventh claim.

### D. Claim Eight: Violation of Cal. Civ. Code § 52.1, The Bane Act

Defendants argue that Plaintiff's eighth cause of action should be dismissed because there are no facts alleged to establish a constitutional violation by Defendants, and there are no allegations that any of the Defendants violated any rights by intimidation, coercion, or attempted to interfere by threat, intimidation, or coercion towards Plaintiff. (ECF No. 6 at 14.) In opposition, Plaintiff argues that she has sufficiently alleged facts to state a claim of excessive force under the Fourth Amendment and has also alleged that the violation of S.R.F.'s Fourth Amendment rights was accomplished through threats, intimidation, and/or coercion. (ECF No. 9 at 15–16.)

The Bane Act provides for liability when someone, "by threat, intimidation, or coercion," interferes with "rights secured by the Constitution or laws of the United States" or those of California. *See* Cal. Civ. Code § 52.1(b). The word "interferes" as used in the statute means violates. *Barsamian v. City of Kingsburg*, 597 F. Supp. 2d 1054, 1064 (E.D. Cal. 2009) (quoting *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007)).

Defendants argue that there are no facts alleged to establish a constitutional violation by

11

Defendants. (ECF No. 6 at 14.) As discussed above, Plaintiff has adequately pleaded a Fourth Amendment claim based on Hawkins shoving S.R.F. Thus, Defendants' argument here falls short.

Defendants further argue that none of the Defendants violated any rights by threat, intimidation, or coercion towards Plaintiff. (ECF No. 6 at 14.) However, the Bane Act does not require a showing of "threat, intimidation or coercion" independent from the constitutional violation alleged. *See Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (holding that the Bane Act does not require the "threat, intimidation or coercion" element of the claim to be independent from the constitutional violation alleged); *Cornell v. City & Cty. of S.F.*, 17 Cal. App. 5th 766, 799 (2017) ("[T]he use of excessive force can be enough to satisfy the [Bane Act's] 'threat, intimidation or coercion' element."). Thus, the coercion inherent in Hawkins' use of excessive force is sufficient to plead this element of a claim under the Bane Act. *See Rodriguez v. Cty. of L.A.*, 891 F.3d 776, 802 (9th Cir. 2018) (holding that in excessive force cases, the Bane Act does not require proof of coercion beyond that inherent in the underlying violation).

The Ninth Circuit has, however, held that the Bane Act requires a defendant to have had a specific intent to violate the plaintiff's protected rights. *Reese*, 888 F.3d at 1043. Specific intent does not require a showing that a defendant knew he was acting unlawfully; reckless disregard of the right at issue is all that is necessary. *See Cornell*, 17 Cal. App. 5th at 804. Plaintiff has alleged that Hawkins' conduct was willful and wanton. (ECF No. 1 ¶ 38.) Defendants do not dispute this in their motion or reply. (*See* ECF No. 6.) Thus, Plaintiff has adequately pleaded the specific intent element, and Defendants' motion to dismiss on this basis fails.

Accordingly, the Court DENIES Defendants' Motion to Dismiss for Plaintiff's Eighth claim.

### E. Defendant PCOE's Vicarious Liability for Defendant Hawkins' Actions

Defendants argue that Defendant PCOE should be dismissed because Hawkins is not employed by PCOE and therefore there is no vicarious liability for his actions. (ECF No. 6 at 15.) Plaintiff argues that PCOE is liable for Hawkins' conduct because PCOE was the entity responsible for overseeing the implementation of S.R.F.'s IEP, and thus is jointly responsible

with RUSD for Hawkins' conduct. (ECF No. 9 at 16.)

Under Cal. Gov. Code § 895.2, "[w]henever any public entities enter into an agreement, they are jointly and severally liable upon any liability which is imposed . . . upon any one of the entities . . . ." Cal. Gov. Code § 895.2. Plaintiff has alleged that RUSD contracted with PCOE to provide S.R.F.'s special education services and to oversee the implementation of S.R.F.'s IEP. (ECF No. 1 ¶ 27.) Defendants have cited no authority in their motion or reply that would contradict the conclusion under Cal. Gov. Code § 895.2 that PCOE is jointly liable with RUSD for Hawkins' conduct. (*See* ECF No. 6 at 15–16; *see also* ECF No. 10.) The California code that Defendant cites in their motion, Cal. Gov. Code § 815.2, applies to the vicarious liability of RUSD for Hawkins' actions but does not address the joint liability that PCOE has with RUSD as a product of their contractual agreements. *See* Cal. Gov. Code § 815.2. Accordingly, Defendants' motion on this basis fails.

**IV. Conclusion**

For the foregoing reasons, the Court hereby DENIES Defendants' Motion to Dismiss for Plaintiff's First, Second, Third, Seventh, and Eighth claims. The parties are hereby ordered to file a Joint Status Report within thirty (30) days of this Order.

Dated: June 21, 2019

Troy L. Nunley
United States District Judge