1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   ALICIA WAGNON in her individual          No. 2:17-cv-01666-TLN-KJN
     capacity and as conservator for
12   SULLIVAN R. FROM,

13                  Plaintiffs,               **ORDER**

14          v.

15   ROCKLIN UNIFIED SCHOOL
     DISTRICT, PLACER COUNTY OFFICE
16   OF EDUCATION, DAVID HAWKINS,
     and DOES 1–30,
17
                    Defendants.
18

19

20          This matter is before the Court on Defendants Rocklin Unified School District ("RUSD"),

21   Placer County Office of Education ("PCOE"), and David Hawkins's ("Hawkins") (collectively,

22   "Defendants") Motion to Dismiss.  (ECF No. 15.)  Plaintiff Alicia Wagnon, in her individual

23   capacity and as conservator for Plaintiff S.R.F. ("S.R.F.") (collectively, "Plaintiffs"), opposed the

24   motion and Defendants filed a reply.  (ECF Nos. 17, 19.)  For the reasons set forth below, the

25   Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss.

26   ///

27   ///

28   ///

                                                1

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs initiated this action on August 11, 2017, asserting claims arising from alleged abuse suffered by S.R.F. in the course of receiving special education services from Defendants. (ECF No. 1.)  Plaintiffs allege Hawkins, an RUSD bus driver, routinely subjected S.R.F. to verbal, psychological, emotional, and physical abuse while transporting the child to and from Del Oro High School.  (*Id.*)  Plaintiffs assert eight claims against Defendants, including California state law claims for: battery by Hawkins (Claim Four); negligence by Hawkins and RUSD (Claim Five); negligent supervision by RUSD (Claim Six); violations of the Unruh Act, Cal. Civ. Code §§ 51, *et seq.*, by RUSD (Claim Seven); and violations of California Civil Code § 52.1 by Hawkins and RUSD (Claim Eight).  (*Id.* at 7–14.)

On September 5, 2017, Defendants moved to dismiss several of Plaintiffs' federal and state law claims under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim for relief.  (ECF No. 6 at 6–16.)  Defendants' Rule 12(b)(6) motion challenged Plaintiffs' claims on the merits and did not raise any immunity arguments.  (*Id.*)  After reviewing the parties' briefings, the Court denied Defendants' motion to dismiss.  (ECF No. 12 at 5–13.)

On September 11, 2019, Defendants filed the instant Rule 12(b)(6) Motion to Dismiss Plaintiffs' state law claims (Claims Four, Five, Six, Seven, and Eight) based on Eleventh Amendment immunity grounds.[1]  (ECF No. 15.)  Defendants additionally filed an answer to the Complaint on September 19, 2019.  (ECF No. 16.)

## II.   STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Federal Rule of

---

[1]     In support of their Motion, Defendants submit a Request for Judicial Notice under Federal Rule of Evidence 201 to judicially notice the Complaint (ECF No. 1) and the California State Lottery Educational Apportionment Report of payments to Placer County Office of Education, as appearing on the California State Controller's Office's website.  (ECF No. 15-1; *see also* ECF No. 15 at 8.)  Defendants' unopposed Request is hereby GRANTED.  Fed. R. Evid. 201; *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (court records); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies).

1    Civil Procedure 8(a) requires that the pleading contain "a short and plain statement of the claim

2    showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678–79

3    (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice

4    of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*

5    *(Twombly)*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

6    pleading standard relies on liberal discovery rules and summary judgment motions to define

7    disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*,

8    534 U.S. 506, 512 (2002).

9        On a motion to dismiss, the factual allegations of the complaint must be taken as true.

10   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give the plaintiff the benefit of every

11   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

12   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n. 6 (1963).  A plaintiff need not allege

13   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

14   relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

15   factual content that allows the court to draw the reasonable inference that the defendant is liable

16   for the misconduct alleged."  *Iqbal*, 556 U.S at 678 (citing *Twombly*, 550 U.S. at 556).

17       If a complaint fails to state a plausible claim, "[a] district court should grant leave to

18   amend even if no request to amend the pleading was made, unless it determines that the pleading

19   could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130

20   (9th Cir. 2000) (en banc) (quoting *Doe v. U.S.*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also*

21   *Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying

22   leave to amend when amendment would be futile).

23       **III.   ANALYSIS**

24       Defendants move to dismiss all of Plaintiffs' state law claims (Claims Four through Eight)

25   as asserted against each of them, on the basis that Defendants are entitled to Eleventh

26   Amendment immunity.[2]  (ECF No. 15 at 6–8.)  While Plaintiffs do not dispute that Eleventh

27   ───────────────

28   [2]     The Court notes Defendants incorrectly assert Claim Five is asserted against all
     Defendants, and Claims Six and Seven are asserted against RUSD and PCOE.  (*Compare* ECF

3

Amendment immunity applies to state actors, they nevertheless oppose the Motion based on several theories of waiver.[3]  (ECF No. 17 at 4–10.)  The Court addresses the parties' arguments in turn.

A.     Eleventh Amendment Immunity

"Suits against the government are barred for lack of subject matter jurisdiction unless the government expressly and unequivocally waives its sovereign immunity." *E.V. v. Robinson*, 906 F.3d 1082, 1090 (9th Cir. 2018) (quoting *Mills v. U.S.*, 742 F.3d 400, 404 (9th Cir. 2014) (quotations omitted)).  Similarly, "[a] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Pennhurst St. Sch. & Hosp. v. Halderman (Pennhurst)*, 465 U.S. 89, 121 (1984); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  However, "Eleventh Amendment immunity does not implicate a federal court's subject matter in an ordinary sense and . . . it should be treated as an affirmative defense." *Tritchler v. County of Lake*, 358 F. 3d 1150, 1153–54 (9th Cir. 2004) (quoting *ITSI TV Prods., Inc. v. Agric. Associations (ITSI)*, 3 F.3d 1289, 1291 (9th Cir. 1993) (internal quotations omitted)); *see also Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000), *cert. denied*, 532 U.S. 958 (2001) (recognizing the accepted interpretation of the Eleventh Amendment is that it enacts sovereign immunity from suit rather than a non-waivable limit on federal subject matter jurisdiction).  The entity claiming immunity bears the burden of persuasion that the immunity applies.  *ITSI*, 3 F.3d at 1294.

Defendants assert they are all entitled to Eleventh Amendment immunity against Plaintiffs' state law claims.  (ECF No. 15 at 2.)  The Court will examine Defendants' assertion as to each Defendant.

///

---

No. 15 at 1–3 *with* ECF No. 1 at 11–13.)  However, this error does not alter the Court's analysis with respect to Defendants' immunity argument.

[3]     Plaintiffs' opposition additionally appears to reassert arguments regarding the merits of Plaintiffs' claims.  (*See* ECF No. 17 at 7–9.)  The Court declines to address these arguments, however, as Defendants' instant Motion only seeks dismissal on immunity grounds.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i.      *RUSD and PCOE*

Defendants argue that because RUSD is an arm of the state and PCOE is a state agency, both are entitled to Eleventh Amendment immunity with respect to Plaintiffs' state law claims. (*Id.* at 7–8.)  The Court agrees.

California school districts and county offices of education are considered "arms of the state" and enjoy Eleventh Amendment sovereign immunity.  *Sato v. Orange County Dep't of Educ.*, 861 F.3d 923, 934 (9th Cir. 2017); *see also Belanger v. Madera Unified Sch. District*, 963 F.2d 248, 254 (9th Cir. 1992) (holding California state school district was an agent of the state because it performs state governmental functions and a judgment against it would be satisfied out of state funds).

Based on the aforementioned authority and having been presented with no arguments to the contrary, the Court finds RUSD and PCOE are both arms of the state.  Therefore, RUSD and PCOE are entitled to Eleventh Amendment immunity.

ii.      *Hawkins*

Defendants contend Hawkins, as an individual employee of the school district, is likewise immune from Plaintiffs' state law claims.  (ECF No. 15 at 7.)  In support of this argument, Defendants imply that Hawkins is "sued in [his] official capacity" and cite authority holding that state officials sued in their official capacities are subject to immunity where the state is the "real, substantial party in interest." (*Id.* (citing *Pennhurst*, 465 U.S. at 101; *Demery v. Kupperman*, 735 F.2d 1139, 1146 (9th Cir. 1984)).)  Plaintiffs do not dispute this authority and the Court agrees that the Eleventh Amendment prohibits actions for damages against state officials acting in their official capacity.  *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995)).  Therefore, to the extent Plaintiffs allege state law claims against Hawkins in his official capacity, Hawkins is entitled to immunity under the Eleventh Amendment.

However, the Complaint does not expressly allege that Hawkins is sued only in his official capacity.  (*See generally* ECF No. 1.)  To the contrary, a fair reading of the Complaint supports the presumption that Plaintiffs are suing Hawkins in his personal capacity.  (*Id.*); *see also Mitchell*

5

*v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("When a plaintiff sues a state official for damages, there is a presumption that the plaintiff is seeking damages against the official in his or her personal capacity."); *Romano*, 169 F.3d at 1186 (presumption that "officials necessarily are sued in their personal capacity where those officials are named in a complaint" arises "even if the complaint does not explicitly mention the capacity in which they are being sued."). Therefore, Defendants also bear the burden of establishing Hawkins is entitled to immunity against the state law claims asserted against him in his individual capacity. *ITSI*, 3 F.3d at 1289.

To that end, Defendants argue Eleventh Amendment immunity applies with equal force to individual defendants sued in their personal and official capacities in federal court for state law violations. (ECF No. 19 at 4 (citing *Carmen v. S.F. Unified Sch. District*, 982 F. Supp. 1396, 1406–07 (N.D. Cal. 1997) (holding, without explanation, that plaintiffs' pendent state law claims were barred by the Eleventh Amendment)).) However, the Court finds this argument unpersuasive.

The Ninth Circuit has expressly held the Eleventh Amendment does not bar actions for damages against state officials in their personal capacities. *Mitchell*, 818 F.3d at 442 (citing *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam)); *see also Al-Rifai v. Willows Unified Sch. District*, 469 F. App'x 647, 650 (9th Cir. 2012) (holding "the Eleventh Amendment does not bar pendent state claims by [a plaintiff] against state officials acting in their individual capacities" and reversing the district court's dismissal of plaintiffs' pendent state law claims against defendants in their individual capacities) (citation omitted).

Defendants' heavy reliance on *Carmen v. S.F. Unified Sch. District* is misplaced in light of more recent and controlling Ninth Circuit precedent. *Cf. Carmen*, 982 F. Supp. at 1406 (citing *Gilbreath*, 931 F.2d at 1327); *Mitchell*, 818 F.3d at 442 (citing *Pena*, 976 F.2d at 472) ("We conclude the eleventh amendment will not bar pendent state claims by [plaintiff] against state officials acting in their individual capacities."). Therefore, the Court finds Defendants have not met their burden of establishing Hawkins is entitled to Eleventh Amendment immunity against the state law claims asserted against him in his personal capacity. *Al-Rifai*, 469 F. App'x at 650; *Pena*, 976 F.2d at 472. To this extent, Defendants' Motion is DENIED.

6

1

      B.    <u>Waiver</u>

2

      Having found that RUSD, PCOE, and Hawkins in his official capacity would otherwise be

3

entitled to immunity against Plaintiffs' state law claims, the Court turns to the issue of whether

4

Defendants have waived their immunity by failing to timely assert the defense.

5

      Sovereign immunity can be waived, but the state's consent must be unequivocally

6

expressed. *Pennhurst*, 465 U.S. at 99; *Doe v. Regents of the U. of Cal. (Regents)*, 891 F.3d 1147,

7

1152–53 (9th Cir. 2018). For example, the Supreme Court has found that a state's removal of a

8

case from state court to federal court constitutes a voluntary invocation of the federal court's

9

jurisdiction that amounts to a waiver of Eleventh Amendment immunity. *See Lapides v. Bd. of*

10

*Regents of U. Sys. of Ga.*, 535 U.S. 613, 624 (2002). Similarly, the Ninth Circuit found a state

11

waived its Eleventh Amendment immunity where it litigated the case on the merits until the first

12

day of trial before objecting to the court's jurisdiction. *See Hill v. Blind Industries and Services*

13

*of Md.*, 179 F.3d 754, 763 (9th Cir. 1999).

14

      However, the Ninth Circuit has made clear that merely litigating on the merits before

15

raising Eleventh Amendment immunity, without more, does not constitute waiver. *See Regents*,

16

891 F.3d at 1152–53 (finding defendants' failure to raise Eleventh Amendment immunity on first

17

motion to dismiss did not waive the immunity defense asserted in their second motion to

18

dismiss); *see also Demshki v. Monteith*, 255 F.3d 986, 989 (9th Cir. 2001) ("[Plaintiff] also

19

argues that [defendant] waived its Eleventh Amendment immunity by defending the case on the

20

merits and by supposedly failing to raise immunity in a timely manner. This contention is

21

without merit.").

22

      Here, Plaintiffs argue Defendants waived their Eleventh Amendment immunity under four

23

bases: (1) Defendants unduly delayed in raising the defense, despite receiving timely notice of

24

Plaintiffs' claim pursuant to the California Tort Claims Act ("CTCA"); (2) Defendants are barred

25

from raising immunity by Rule 12(g)(2) because they failed to assert the defense in their first

26

Rule 12(b)(6) motion; (3) Defendants waived their immunity defense by failing to raise it in a

27

timely-filed answer to the Complaint; and (4) RUSD and PCOE's immunity is statutorily waived

28

pursuant to California Government Code § 815.2(a) ("§ 815.2(a)"). (ECF No. 17 at 4–10.) In

1   reply, Defendants dispute Plaintiffs' waiver arguments, maintain they timely raised their Eleventh

2   Amendment immunity defense, and assert that federal courts lack subject matter jurisdiction to

3   order state actors to comply with state law.  (ECF No. 19 at 1–6.)  The Court addresses each

4   waiver argument in turn.

5                                    i.        *Undue Delay*

6        Plaintiffs argue Defendants waived their Eleventh Amendment immunity by failing to

7   raise it "early in the proceedings."  (ECF No. 17 at 4 (citing *Hill*, 179 F.3d at 763).)  To bolster

8   this argument, Plaintiffs additionally assert Defendants received notice of Plaintiffs' claims nearly

9   three years prior to the instant Motion, when Plaintiffs' timely submitted their claim under the

10  CTCA.  (*Id.* at 5.)  However, Plaintiffs' argument is unavailing.

11       Plaintiffs' argument incorrectly focuses on the age of litigation, not the stage of litigation.

12  *See Ontiveros v. Constable*, 245 Cal. App. 4th 686, 701–02 (2016) (on motion to disqualify, delay

13  of 16 months did not amount to waiver where pleadings were not yet final, discovery was still in

14  progress, and no trial date was set).  Similarly, Plaintiffs' CTCA argument, which pertains to

15  exhaustion of administrative remedies, is inapposite to the issue of sovereign immunity waiver.

16  Indeed, Plaintiffs identify no applicable authority to support their argument.

17       Rather, the Court finds this case is analogous to *Doe v. Regents of the University of*

18  *California*.  In *Regents*, as here, the defendants failed to raise the defense of Eleventh

19  Amendment immunity in their first motion to dismiss and did not raise it until their second

20  motion to dismiss.  (*See* ECF Nos. 6, 15); *Regents*, 891 F.3d at 1151–53.  Nevertheless, the Ninth

21  Circuit rejected the plaintiff's argument that failing to raise the immunity defense in their first

22  motion to dismiss constituted a waiver.  *Regents*, 891 F.3d at 1153–54 (reversing district court's

23  denial of immunity defense and holding claim barred by Eleventh Amendment immunity should

24  have been dismissed with prejudice).  Based on the foregoing authority, the Court finds

25  Defendants have not unequivocally consented to waiving their immunity under the Eleventh

26  Amendment merely by waiting to raise the defense in their second motion to dismiss.  *Id.*

27  ///

28  ///

                                            8

1                *ii.*        *Rule 12(g)(2)*

2        Plaintiffs contend Defendants' Motion to Dismiss is limited by Rule 12(g)(2) because

3 Defendants failed to raise a defense that was previously available to them; namely, immunity

4 under the Eleventh Amendment. (ECF No. 17 at 6–7.) Plaintiffs additionally argue Defendants

5 waived their defense by failing to assert it in their previous Rule 12(b)(6) motion because,

6 broadly, "[d]efenses available to the state may be waived if not asserted." (*Id.* at 6.) These

7 arguments, however, are unsupported by the legal authorities and therefore unavailing.

8        Rule 12(g) provides, "Except as provided in Rule 12(h)(2) or (3),[4] a party that makes a

9 motion under this rule must not make another motion under this rule raising a defense or

10 objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P

11 12(g). However, the consequence of omitting a defense from an earlier motion under Rule 12

12 depends on the type of defense omitted. *In re Apple iPhone Antitrust Litig. (Apple)*, 846 F.3d

13 313, 317–18 (9th Cir. 2017); Fed. R. Civ. P. 12(g)–(h). Simply put, a defendant who omits a

14 defense under Rules 12(b)(2)–(5) entirely waives that defense, whereas a defendant who omits a

15 defense under 12(b)(6) does not. *Apple*, 846 F.3d at 317–18; *see* Fed. R. Civ. P. 12(h)(1)–(2).

16 Indeed, the Ninth Circuit has adopted a "very forgiving" approach to Rule 12(g), which allows

17 district courts to consider new arguments in successive motions to dismiss under Rule 12(b)(6) in

18 the interest of judicial economy. *Apple*, 846 F.3d at 318–19; *Cuviello v. City of Vallejo*, No. 16-

19 cv-02584-KJM-KJN, 2020 WL 6728796, at *4–5 (E.D. Cal. Nov. 16, 2020) (drawing on the

20 "practical wisdom" of other districts and the Circuit's "forgiving" stance and considering

21 defendants' late-filed 12(b)(6) motion on the merits despite the language of Rules 12(g)(2) and

22 12(h)(2)).

23 ///

24 ///

25

26    [4]     Rule 12(h)(2) provides that "[f]ailure to state a claim upon which relief can be granted, to
join a person required by Rule 19(b), or to state a legal defense to a claim may be raised: (A) in

27 any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at
trial." Fed. R. Civ. P 12(h)(2). Rule 12(h)(3) states, "[i]f the court determines at any time that it

28 lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

1    While Defendants' choice to invoke their immunity defense in a successive Rule 12(b)(6)

2    motion is disfavored, in light of the aforementioned authorities, the Court declines to find

3    Defendants waived their Eleventh Amendment immunity solely under Rule 12(g)(2) by failing to

4    raise it in their first Rule 12(b)(6) motion.  *Id.*

5                              *iii.*        *Untimely Answer*

6    Relatedly, Plaintiffs argue Defendants waived their immunity defense by failing to raise it

7    in a timely filed answer to the Complaint.  (ECF No. 17 at 9–10.)  The Court acknowledges

8    Defendants' answer was untimely filed and the parties are reminded that they must comply with

9    the Federal Rules of Civil Procedure and the Local Rules.  Nevertheless, as Defendants currently

10   have an answer on file (ECF No. 16), the Court declines to strike or otherwise disregard the

11   answer based solely on its untimely filing at this juncture in the litigation.  The Court further

12   notes Defendants assert Eleventh Amendment immunity as an affirmative defense in their answer

13   to the Complaint.  (*Id.* at 6–8); *see Demshki*, 255 F.3d at 989 (no waiver where immunity raised

14   as affirmative defense in answer to complaint) (citations omitted).  Therefore, Plaintiffs' waiver

15   argument based on the timeliness of Defendants' answer is unpersuasive.

16                           *iv.*        *California Government Code § 815.2*

17   Alternatively, Plaintiffs appear to argue that § 815.2(a) acts as a statutory waiver of RUSD

18   and PCOE's sovereign immunity, rendering them vicariously liable for Hawkins's actions,

19   regardless of whether they expressly waived immunity.  (*See* ECF No. 17 at 7.)  However,

20   Plaintiffs' arguments are unsupported by the legal authorities.

21   Rather, district courts in California have repeatedly held that California's provision for

22   liability in *respondeat superior* for public entity employers under certain circumstances neither

23   effects a waiver of sovereign immunity nor gives jurisdiction to federal courts.  *See, e.g.*, *Bishop*

24   *v. Harris*, No. EDCV 19-1607 PSG (SPx), 2020 WL 2412362, at *3–4 (C.D. Cal. Jan. 17, 2020)

25   (accepting state's argument that "without a specific intent to waive sovereign immunity, the

26   federal court does not have jurisdiction simply because California law provides for *respondeat*

27   *superior* liability in specifically delineated circumstances pursuant to the California Government

28   Code," and finding no waiver of immunity under § 815.2); *Muniz v. Pfeiffer*, No. 1:19-cv-0233-

1   LJO-JLT, 2019 WL 4596649, at *15 (E.D. Cal. Sept. 23, 2019) (rejecting plaintiff's argument

2   that § 815.2 effects waiver of sovereign immunity despite absence of unequivocal waiver).

3         In light of the foregoing authorities, the Court finds Plaintiffs' waiver argument based on

4   § 815.2(a) is unavailing.

5         **IV.    CONCLUSION**

6         For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 15) is GRANTED

7   IN PART and DENIED IN PART, as follows:

8         1.   Defendant's Motion to Dismiss Plaintiffs' state law claims (Claims Four through

9              Eight) is GRANTED as asserted against RUSD and PCOE without leave to amend;

10        2.   Defendant's Motion to Dismiss Plaintiffs' state law claims (Claims Four through

11             Eight) is GRANTED as asserted against Hawkins in his official capacity without leave

12             to amend; and

13        3.   Defendant's Motion to Dismiss Plaintiffs' state law claims (Claims Four through

14             Eight) as asserted against Hawkins in his personal capacity is DENIED.

15        The parties shall file an updated joint status report with proposed pre-trial deadlines not

16   later than 21 days after the electronic filing of this Order.

17        IT IS SO ORDERED.

18   DATED:  March 30, 2021

19

20

21                                              Troy L. Nunley
                                               United States District Judge
22

23

24

25

26

27

28