UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA WAGNON, et al.,<br><br>           Plaintiffs,<br><br>     v.<br><br>ROCKLIN U.S.D., et al.,<br><br>           Defendants. | No.  2:17–cv–1666–KJN<br><br>ORDER |

On April 8, 2022, plaintiffs filed a motion to quash five subpoenas related to certain health and employment records sought by defendants.  (ECF No. 32.)  On April 19, defendants filed opposition to the motion, and sought to seal certain exhibits related to the motion.  (ECF No. 33.)  The matter is set for a hearing on May 3, 2022.

The court is troubled by multiple aspects of the parties' filings.  Plaintiffs appear to have failed to follow the court's order to meet and confer with defendants prior to the filing of a discovery motion.  (See ECF No. 28 at 2-3 ("Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention.  Such meet and confer shall take place in person, or at a minimum, via a telephonic conference.  The mere exchange of letters or e-mails alone is not sufficient.").)  Instead, it appears plaintiff simply sent a letter outlining their position to defense counsel and provided only 18 hours for a response.  (ECF No. 32-7.)  However, also

troubling, defense counsel appears to have flatly refused to meet and confer—despite contentions as to plaintiff's failures on this front. (ECF No. 32-8.) Further, it does not appear that *either* party heeded the provisions of Local Rule 251 regarding the <u>continuing</u> duty to confer in good faith and file a <u>joint</u> statement.

The court takes seriously counsel's duty resolve disputes in good faith. Notwithstanding the parties' arguments regarding the untimeliness of plaintiffs' motion, counsel are ordered to confer, as directed by the scheduling order (<u>see</u> ECF No. 28), concerning whether any reasonable resolution can be reached regarding the scope of the subpoenas. Then, by April 26, 2022, counsel shall file a joint statement briefly outlining their positions and describing the conferral process. Failure to confer and participate in the joint statement, by either or both parties, may result in sanctions against the parties or counsel.

**ORDER**

Accordingly, it is HEREBY ORDERED:

1. Counsel shall meet and confer over this discovery matter, as required by Local Rule 251 and the court's scheduling order, and submit a joint statement by April 26, 2022; and
2. Defendants' motion to seal (ECF No. 33-2) is GRANTED for good cause. The clerk of the court shall file under seal defendants' opposition Exhibits A-C.

Dated: April 20, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wagn.1666