UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA WAGNON, et al., | No. 2:17–cv–1666–KJN–CONSENT |
| Plaintiffs, | ORDER FOR SUPPLEMENTAL BRIEFING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| ROCKLIN U.S.D., et al., | |
| Defendants. | |

Currently before the court is defendants' motion for summary judgment, set for a hearing on March 15, 2023 before the undersigned. In reviewing the parties' briefs, the court requires supplemental briefing on the following issues:

1. Defendant Hawkins has moved for summary judgment on claim seven, the Unruh Act claim. (ECF No. 59-1 at 15 ("Defendant Hawkins in his personal capacity is entitled to summary judgment on the seventh claim for relief . . . .").) Plaintiffs responded that this claim was only asserted against Rocklin USD, and so defendants' argument is moot. In reply, defendants contend the Unruh Act claim should be barred in its entirety.

    a. The complaint only asserts an Unruh Act claim only against Rocklin USD, as plaintiff contends. Further, Judge Nunley already granted Rocklin USD immunity on this claim. (See ECF No. 22.) Thus, in any sense of construction, it appears the Unruh Act claim is no longer cognizable.

1

      b. The parties shall confer and submit a joint statement as to their perspectives on this issue (either jointly agreeing with the court or laying out their competing arguments as to why the court should entertain arguments about the Unruh claim).

2. Defendants move for summary judgment on all of plaintiff Wagnon's claims, asserting a lack of standing.

      a. Wagnon opposes, arguing she has shown sufficient injury to assert claims for disability discrimination. However, the Complaint does not appear to allege any claims by Wagnon for violations of the ADA or § 504. The only claims Wagnon appears to have alleged are (V) negligence and (VIII) Bane Act claims. (See ECF No. 1 at 7-10, naming S.R.F. as the only plaintiff for the ADA and § 504 claims and alleging facts in those sections only concerning From's injuries.) Thus, it appears Wagnon's argument regarding her standing to assert ADA and § 504 claims is inapposite, and the court should only consider whether Wagnon has shown injury regarding the negligence and Bane Act claims.

      b. However, in reply, defendants only proffer an argument that Wagnon has no standing on the Bane Act claim; they fail to argue any issues regarding Wagnon's negligence claim. Based on this, the court is inclined to treat defendants' motion for summary judgment on Wagnon's claims as solely concerning the Bane Act claim.

      c. The parties shall confer on these issues and clarify the scope of Wagnon's claims and defendants' motion for summary judgment.

3. Outside of those two substantive issues, it appears there will still be claims for negligence (either from both From and Wagnon, or just From himself) and battery (from From) that are ripe for trial—regardless of the outcome of the motion for summary judgment.

      a. The parties shall confirm that, regardless of the outcome of defendants' motion for summary judgment on the § 1983, ADA, § 504, Unruh Act, and Bane Act claims, the negligence and battery claims against Hawkins will proceed to trial.

      b. Given this, the court inquires as to whether the parties are interested in revisiting

settlement talks for this case. The court is aware that VDRP was unsuccessful in January 2022. However, the parties have represented at prior hearings that they could not come to terms without seeing the universe of discovery. Now that discovery has closed, the parties shall consider this option and report to the court on whether another settlement conference could be fruitful.

**ORDER**

Accordingly, it is hereby ORDERED that:

1. The parties shall confer and file a joint statement on the issues outlined above. This joint statement is due by Monday, March 6, 2023 at 4:00 p.m.

2. Should the parties require more time to complete the joint statement regarding the first two issues, they shall file a notice to vacate the March 15th hearing. After the joint statement is filed, defendants may re-notice the motion for a hearing, so long it is set for at least 14 days from the date of the filing of the joint statement. Judge Newman typically hears civil matters on Tuesdays at 9:00 a.m.

3. Should the parties wish to engage in settlement talks, they shall indicate as much in the joint statement and file a notice to vacate the March 15th hearing. In that scenario, the undersigned would endeavor to find the parties another magistrate judge to mediate this dispute.

Dated: March 1, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wagn.1666