UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA WAGNON, et al., | No. 2:17–cv–1666–KJN |
| Plaintiffs, | ORDER |
| v. | |
| ROCKLIN UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

The Court ruled on defendants' motion for summary judgment, finding certain claims are ripe for trial.[1] (ECF No. 74). No trial is currently scheduled, but the operative scheduling order calls for a notice of trial readiness within 30 days after resolution of the summary judgment motion. (ECF No. 28 at 4-5.) However, given the undersigned's impacted schedule up through his upcoming retirement in February of 2024, the court will not set a pretrial scheduling conference or trial dates at this time. Instead, the parties shall confer over the submission of a joint statement, as described below, and shall propose a pretrial conference date and trial date for consideration by the incoming magistrate judge. The parties shall propose a pretrial conference date for a date no earlier than May of 2024, and propose a trial start date no earlier than July of 2024. This joint statement is due within 30 days of this order.

---

[1] This case is before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 23, 24.)

1

FINAL PRETRIAL CONFERENCE

The pretrial conference will take place before the incoming magistrate judge, and shall take place on a date agreeable to the parties and in line with the court's instructions above. <u>Counsel who appear at the pretrial conference shall in fact try the matter.</u>  Counsel are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences.  A FAILURE TO COMPLY WITH L.R. 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

The parties shall submit a **joint** pretrial statement (<u>see</u> L.R. 281(a)(2)) no later than seven days prior to the final pretrial conference; it shall conform to Local Rule 281(b).  Specifically:

1. The undisputed facts and disputed factual issues shall be set forth in two separate sections;
2. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue.  Each fact should (generally) relate or correspond to an element of the relevant cause of action;
3. Where the parties are unable to agree as to what factual issues are properly before the Court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue;
4. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the Court and all parties about the precise issues that will be litigated at trial. The Court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.  However, with respect to the listing of undisputed facts, the Court will accept agreements as to evidentiary facts; and
5. The joint statement of undisputed facts and disputed factual issues is to be filed with the Court concurrently with the filing of the joint pretrial statement.

///

///

///

Per Local Rule 281(b), the parties are required to provide with their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. Of note:

1. These lists shall not be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order;
2. Plaintiff's exhibits shall be listed numerically; Defendant's exhibits shall be listed alphabetically; and
3. The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to use will be viewed as an abuse of the Court's processes.

Under Federal Rule of Civil Procedure 16, it will be counsel's duty at the pretrial conference to aid the court in: (a) formulating and simplifying issues and the eliminating meritless claims or defenses; (b) settling of facts that should be properly admitted; and (c) avoiding unnecessary proof and cumulative evidence.  The parties must prepare their joint pretrial statement and participate in good faith at the pretrial conference with these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS, which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

TRIAL SETTING

A jury trial shall commence before the incoming magistrate judge at a time agreed upon by the parties and as instructed above.  The first day of trial should be on a Friday, and will be limited to addressing motions in limine, jury instructions, and other preliminary trial matters.  Jury selection will commence on the following Monday at 9:00 a.m.  In the joint statement, the parties shall indicate the anticipated number of days needed for the jury trial.

Dated:  August 22, 2023

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wagn.1666