UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA WAGNON, et al, <br><br> Plaintiffs, <br><br> v. <br><br> ROCKLIN UNIFIED SCHOOL DISTRICT, et al., <br><br> Defendants. | Case No. 2:17-cv-01666 CSK <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS *IN LIMINE* <br><br> (ECF Nos. 85, 95) |

Plaintiffs Alicia Wagnon and Sullivan R. From bring this action against Defendants Rocklin Unified School District ("RUSD"), Placer County Office of Education ("PCOE") and David Hawkins asserting state and federal law violations arising from alleged abused suffered by From while receiving special education services from Defendants. *See generally* Compl. (ECF No. 1); 10/31/2024 Amended Final Pretrial Order at 2-3 (ECF No. 111) (listing claims). This case is set for a jury trial beginning November 4, 2024. In advance of the trial, Defendants have filed five motions in limine, which Plaintiffs oppose. Defs. Mot. (ECF No. 85); Defs. MIL No. 5 (ECF No. 95); Pls. Opp'n (ECF No. 88); Pls. Opp'n to MIL No. 5 (ECF No. 105).[1] Hearings were held on October 15, 2024

---

[1] At the October 15, 2024 Final Pretrial Conference and motion in limine hearing, Defendants raised their objections to testimony by Plaintiffs' non-retained expert Heather Conn. The Court provided Defendants until close of business October 18, 2024 to file a

and October 30, 2024 on Defendants' motions in limine. Attorney Allison Hyatt appeared on behalf of Plaintiffs and Attorney Carol Wieckowski appeared on behalf of Defendants. (ECF Nos. 91, 110.) For the reasons that follow, Defendants' motions in limine are GRANTED IN PART AND DENIED IN PART.

## I.  LEGAL STANDARDS

"The Supreme Court has recognized that a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). "A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises." *Brown v. Kavanaugh*, 2013 WL 1124301, at *2 (E.D. Cal. 2013) (citation omitted).

## II.  DEFENDANTS' FIRST MOTION IN LIMINE: WAGNON'S TESTIMONY RE: NEGLIGENCE CLAIM

In their first motion in limine, Defendants move to exclude any testimony by Wagnon relating to her negligence claim against Hawkins. Defs. Mot. at 4-6. Defendants argue that Wagnon does not have a viable negligence claim because she is neither a direct victim, nor does she fall within the limits of bystanders entitled to a duty of care from Hawkins. *Id*. at 5-6. Defendants argue there is no case law or statute to support Wagnon's position that she, as From's mother, is entitled to a duty of care from a bus driver. *Id*. at 4. Defendants argue instead that a school's duty of care when supervising students is owed only to students and not to parents. *Id.* Accordingly, Defendants seek to exclude Wagnon's testimony related to her emotional distress damages and wage loss damages. *Id.*

Wagnon concedes she is not asserting a negligence claim against Hawkins based

---

fifth motion in limine to exclude Conn's testimony, with Plaintiff's opposition due by close of business October 24, 2024.

on bystander liability. Pls. Opp'n at 9. Wagnon instead argues she has a viable negligence claim as a direct victim against Hawkins because of the "special relationship RUSD and Hawkins had with [From] and Wagnon in providing special education transportation services to [From]." *Id*. at 9 (citing Compl. ¶ 63). Plaintiff asserts there is case law to support the proposition that a school owes a duty of care not only to its students but also to parents because the school stands "in loco parentis." *Id*. (citing *R.N. by & Through Neff v. Travis Unified Sch. Dist*., 2020 WL 7227561 at *8-9, 15 (E.D. Cal. Dec. 8, 2020)). Wagnon argues a parent can state a negligence claim against school districts and individual school district defendants "based on alleged harm directly suffered by the parents as a result of a defendant's action or inaction regarding their child." *Id*. (citing *Zuccaro v. Martinez Unified Sch. Dist.*, 2016 WL 10807692, at *1 (N.D. Cal. Sept. 27, 2016)).

To establish a cause of action for negligence, a plaintiff must show that a "defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Nally v. Grace Cmty. Church*, 47 Cal.3d 278, 292 (1988). Whether a defendant has a duty is a threshold issue that is a question of law. *See Brown v. USA Taekwondo*, 11 Cal.5th 204, 213 (2021); *Burgess v. Superior Ct.*, 2 Cal.4th 1064, 1072 (1992). "In a case involving harm caused by a third party, a person may have an affirmative duty to protect the victim of another's harm if that person is in what the law calls a 'special relationship' with either the victim or the person who created the harm." *Brown*, 11 Cal.5th at 215. "As a matter of law, a school owes a duty of care not only to its students, but also to parents because the school stands 'in loco parentis' and the students' care is 'entrusted to' them." *R.N. by & through Neff,* 2020 WL 7227561, at *8 (Cal. Ct. App. 1986) (citing *Phyllis v. Superior Ct.*, 183 Cal. App. 3d 1193, 1196 (Ct. App. 1986)). "Negligence requires that the school knew or should have known of a foreseeable risk of harm to [the student]." *Kauhako v. Hawaii Bd. of Educ. Dep't of Educ.*, 744 F. App'x 344, 347 (9th Cir. 2018).

In the Complaint, Plaintiffs allege Hawkins owed Wagnon a duty of care in:

(1) "providing special education transportation services to [From]"; (2) in "delivering special education services to [From]"; and (3) in preventing "harm to [From] at the hands of anyone, including H[awkins]." Compl. ¶ 63. The Complaint sufficiently alleges duty owed to Wagnon based on a "special relationship" with RUSD and with Hawkins, thereby giving her standing to pursue this claim against Hawkins. *See C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 870 (2012) ("[T]he duty of care owed by school personnel includes the duty to use reasonable measures to protect students from foreseeable injury at the hands of third parties acting negligently or intentionally."); *see also R.N. by & through Neff*, 2020 WL 7227561, at *8 (denying district defendants' motion to dismiss finding that parents of the injured student had standing to pursue their separate claims of negligence against all district defendants, including a special education teacher, based on a "special relationship" between the parents and the district defendants); *Achay v. Huntington Beach Union High Sch. Dist.*, 80 Cal. App. 5th 528, 537 (2022) ("Special relationship" does not necessarily end with the classroom day but may extend to "school-related or encouraged functions.")

Because the Court finds that Plaintiff has pled an existence of a "special relationship" between her and Hawkins, the Court DENIES Defendants' first motion in limine. *See Phyllis,* 183 Cal.3d at 1197 (where special relationship between teachers and parents existed, mother could recover emotional distress damages as a direct victim on negligence claim).[2]

### III. DEFENDANTS' SECOND MOTION IN LIMINE: HAWKINS' FAILURE TO FOLLOW IEP OR BIP

In their second motion in limine, Defendants move to exclude any testimony or evidence related to Hawkins' failure to follow From's Individual Education Plan ("IEP") or Behavior Intervention Plan ("BIP"). Defs. Mot. at 6-9. Defendants argue that Plaintiffs'

---

[2] To the extent Defendants continue to assert that Wagnon has not established negligence against Hawkins, at trial, the Federal Rules of Civil Procedure provide other avenues to raise such challenges. *See, e.g.,* Fed. R. Civ. P. 50 (motion for judgment as a matter of law).

4

claims for monetary damages under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act § 504 are not viable because From's IEP and BIP do not provide special education services while From rides the bus and because there is no case law or statute requiring a bus driver to follow an IEP or BIP. *Id*. at 7-8. Additionally, Defendants argue Plaintiffs' allegations do not establish Hawkins' actions were intentionally discriminatory or that he acted with deliberate indifference. *Id*. at 9. Plaintiffs oppose the motion arguing that From's claims under the ADA and § 504 are brought against RUSD and not Hawkins. Pls. Opp'n at 10. Plaintiffs argue Defendants were aware From needed behavior intervention accommodations to be implemented in all school settings, including From's bus ride to and from school, because it was included in From's IEP. *Id.* Plaintiffs further argue that because RUSD and PCOE chose not to train Hawkins on behavior response techniques to be used with From during school transportation services, this establishes their deliberate indifference in providing reasonable accommodations to From. *Id.*

To bring a suit under the ADA and Rehabilitation Act § 504, a plaintiff must show: "(1) the child is a qualified individual with a disability; (2) she was denied a reasonable accommodation that she needs to enjoy meaningful access to the benefits of public services; and (3) the program providing the benefit receives federal financial assistance." *McIntyre v. Eugene Sch. Dist. 4J*, 976 F.3d 902, 912 (9th Cir. 2020). "A public entity can be liable for damages under Section 504 or the ADA 'if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons.'" *Id*. (quoting *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016)). "The plaintiff establishes the requisite knowledge (or notice) on behalf of the defendant when she shows that she 'alerted the public entity to her need for accommodation (or where the need for accommodation is obvious or required by statute or regulation).'" *A.G.*, 815 F.3d at 1204 (quoting *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001)). Testimony or evidence related to Hawkins' failure to follow From's IEP or BEP is

relevant to whether Defendants acted with intentional or deliberate indifference in providing From meaningful access or reasonable accommodation in his bus rides to and from school. The Court DENIES Defendants' second motion in limine.

### IV. DEFENDANTS' THIRD MOTION IN LIMINE: WAGNON'S OPINIONS

In their third motion in limine, Defendants seek to exclude Wagnon from giving opinion testimony regarding: (1) Hawkins' conduct and intent on the bus; and (2) From's emotional thought process in response to Hawkins' actions toward him. Defs. Mot. at 9-11. Defendants argue Wagnon will likely testify about her observations when watching the bus surveillance videos related to the incident and give her opinion on Hawkins' motivation and intent towards From, as well as her observations regarding From's thought process and/or emotional reactions to Hawkins' conduct. *Id*. Defendants specifically point to Wagnon's deposition testimony as examples of impermissible testimony. Defs. Supp. Br. Re: MIL No. 3 (ECF No. 94 at 5-6).

Pursuant to Federal Rule of Evidence 701, a lay witness may testify to opinions that are: (a) "rationally based on the witness's perception;" (b) "helpful to clearly understanding the witness's testimony or to determining a fact in issue;" and (c) "not based on scientific, technical, or other specialized knowledge" within the scope of expert testimony. *See* Fed. R. Civ. P. 701. Lay opinion testimony is admissible only if it is helpful to the fact-finding process.

First, Wagnon may not testify as to Hawkins' intent, including testifying that Hawkins retaliated against From. Such testimony is unhelpful, speculative, and improper opinion testimony. *See* Fed. R. Evid. 701. Plaintiffs have essentially conceded this point. Pls. Opp'n at 11 ("Plaintiffs agree Wagnon will not offer her opinions as to the intent of Hawkins' actions toward From as proof of his intent."). The Court also notes that it previously addressed a similar issue at summary judgment. 7/5/2023 Order at 13-15 (ECF No. 76).

Second, Wagnon may not testify as to Hawkins' conduct that she did not directly observe because it would be unhelpful, speculative, and improper opinion testimony.

*See* Fed. R. Evid. 701. The parties intend to present videos that depict Hawkins' conduct.

Third, as to Wagnon's testimony regarding From's reactions and behavior in response to Hawkins' conduct, Plaintiffs argue it would be prejudicial to exclude such testimony given From is nonverbal and Wagnon, as From's mother, is "certainly qualified to testify as to her observations regarding From's vocalizations, facial expressions, posture, and repetitive movements exhibited in the videos and her experiences as to what they mean." Pls. Opp'n at 12. The Court agrees that Wagnon's testimony regarding From's reactions and behavior in response to Hawkins' conduct may be helpful to the jury, especially given that From is nonverbal.

Wagnon may not, however, testify as to a diagnosis, opinion, or the cause of From's alleged injuries. *See Howell v. Burns*, 2021 WL 4975187, at *7 (E.D. Cal. Oct. 26, 2021) (plaintiff prohibited from testifying "regarding a diagnosis, prognosis, opinions, inferences, or causation of his alleged injuries as he has no medical expertise, training, or education"); *see also Crawford v. City of Bakersfield*, 944 F.3d 1070, 1079 (9th Cir. 2019) (Mother of deceased son killed by police could testify as a lay witness regarding her observations of her son's past symptoms of mental illness because the evidence was relevant to the likely conduct of the deceased on the day at issue and therefore to the reasonableness of the officers' conduct but had to stop "short of opining [her son] had a mental illness.").

Therefore, Defendants' third motion in limine is GRANTED IN PART and DENIED IN PART. Wagnon may not testify as to Hawkins' intent. As to Hawkins' conduct, Wagnon may not testify regarding conduct that she did not directly observe. Wagnon may testify as to From's behavior and reactions to Hawkins' conduct. Wagnon may not, however, testify as to a diagnosis, opinion, or the cause of From's alleged injuries.

**V.    DEFENDANTS' FOURTH MOTION IN LIMINE:  BUS ROUTE 32**

In their fourth motion in limine, Defendants move to exclude any evidence that RUSD's management of bus route 32 was intended to discriminate against From. Defs.

7

Mot. at 11-12. Defendants argue "any evidence about [From]'s commute" would be prejudicial if mentioned at trial because these allegations were not pled in Plaintiffs' complaint and because it would cause an "undue consumption of court time to refute." *Id*. at 12. At the hearing, Defendants argued Plaintiffs seek to raise a new theory not previously raised in the Complaint and should therefore be excluded from presenting any evidence on this new theory. Plaintiffs confirmed at the hearing that they will not be arguing or presenting evidence that Defendants tried to give From the longest bus ride. Instead, Plaintiffs argue that the evidence related to the bus route is to establish deliberate indifference pursuant to their ADA and Rehabilitation Act § 504 claims and as to damages. Given Plaintiffs confirmed that they will not be presenting a new theory and that there is no issue regarding the length of the bus route, the Court DENIES Defendants' fourth motion in limine.

## VI.  DEFENDANTS' FIFTH MOTION IN LIMINE:  EXCLUDE HEATHER CONN

In their fifth motion in limine, Defendants move to exclude Plaintiff's non-retained expert Heather Conn from testifying because though she is proffered to provide opinions formed outside the context of her employment with RUSD, Plaintiffs failed to produce a written expert report for Conn as required by Federal Rule of Civil Procedure 26(a)(2)(B). Defs. MIL No. 5 (ECF No. 95). Plaintiffs argue that Conn was properly designated as a non-retained expert under Rule 26(a)(2)(C) and that she is "not specially employed or retained to give expert testimony." Pls. Opp'n MIL No. 5 at 4 (ECF No. 105). Plaintiffs further argue that Conn's testimony falls within "her involvement in the case from before the litigation commenced," Defendants themselves disclosed Conn as a witness, and Defendants had the opportunity to question Conn at her deposition. *Id*. at 4-5.

Conn's proposed testimony falls into two categories: (1) her percipient knowledge as a RUSD Board Certified Behavior Analyst in 2016-2017; and (2) her opinions based on materials she reviewed after her employment ended with RUSD and provided in preparation for this litigation. First, her proposed testimony based on her percipient knowledge, including the trainings she conducted in 2016-2017 as a RUSD Board

Certified Behavior Analyst is permissible lay testimony. *See, e.g.,* Defs. MIL No. 5, Exh. A ("Conn Depo") at 37 (ECF No. 95 at 7-27) (conducted trainings with RUSD's transportation department between 2016-2017); 38 (Conn did not talk about behavior intervention plans during her 2016 training); 39 (during a 2016 training, Conn did not talk about BIPs because she supported Tier 1 interventions for all students and BIPs were in a Tier 3 support). Defendants conceded at the hearing that this testimony was permissible. The Court DENIES in part Defendants' motion to exclude as to Conn's testimony based on her percipient knowledge as a RUSD Board Certified Behavior Analyst in 2016-2017.

The second category of Conn's proposed testimony— opinions regarding From's IEP, From's BIP, the bus surveillance videos, and whether From's BIP was being followed by Hawkins and school staff in those videos— is expert testimony because it is based on specialized knowledge. *See* Fed. R. Evid. 702. Federal Rule of Civil Procedure 26(a)(2) requires a party to identify any witness it may use at trial to present expert evidence under Federal Rules of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A). As well as disclosing the identity of expert witnesses, a party must disclose additional information about each expert witness's potential testimony. *See* Fed. R. Civ. P. 26(a)(2)(B)-(C). A written report is required "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Under Rule 26(a)(2)(B), an expert witness must prepare and sign a written report that satisfies several requirements, including providing "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them;" (iii) exhibits used to summarize or support the opinions; (iv) the witness's qualifications, including all publications authored in the last 10 years; (v) a list of all cases in which the witness testified during the previous 4 years as an expert at trial or by deposition; and (vi) the witness's compensation for the case. *See* Fed. R. Civ. P. 26(a)(2)(B). Alternatively, expert witnesses that fall under Rule

9

26(a)(2)(C), must disclose only "the subject matter on which the witness is expected to present evidence," and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Plaintiffs designated Conn as an expert in their Initial Expert Witness Disclosures as follows:

> Heather Conn was the Board Certified Behavior Analyst employed by Defendant Rocklin Unified School District during the time period relevant to the Complaint and is being designated as an unretained expert by Plaintiffs. Ms. Conn is expected to provide expert testimony, consistent with her testimony provided during her deposition, regarding Plaintiff From's Individualized Education Plan, including his Behavior Intervention Plan (BIP), and her opinion as to how and when Plaintiff From's BIP was to be followed and the effects, if any, of not following his BIP. Ms. Conn is also expected to provide testimony regarding her observations of the bus surveillance videos of Plaintiff From's bus rides to and from school and whether his BIP was being followed by school staff, including Defendant David Hawkins, in those videos.

(ECF No. 53 at 2-3.) Plaintiffs did not disclose a Rule 26(a)(2)(B) written expert report for Conn. Plaintiffs' witness list describes Conn's anticipated testimony at trial as follows:

> Ms. Conn is expected to provide expert testimony regarding S.R.F.'s IEP and BIP, and her opinion as to how and when Plaintiff From's BIP was to be followed and the effects of not following his BIP. Ms. Conn is also expected to provide testimony regarding her observations of the bus surveillance videos of S.R.F's bus rides to and from school and whether his BIP was being followed by school staff, including Defendant David Hawkins, in those videos.

(ECF No. 84-1 at 5.)

Conn's opinions are based on her review of materials received from Plaintiffs' counsel in preparation for this litigation and are not based on her first-hand knowledge from her time as a RUSD employee. *See* Defs. MIL No. 5 at 4; Pls. Opp'n MIL No. 5 at 2; *see also Britz Fertilizers, Inc. v. Bayer Corp.,* 2009 WL 1748775, at *3 (E.D. Cal. June 17, 2009) (describing percipient witness testimony). Conn did not review the bus surveillance videos, From's IEP, or From's BIP until after her RUSD employment ended and when Plaintiffs' counsel sent the videos and documents to Conn to review before

her deposition that Plaintiffs noticed. *See* Defs. MIL No. 5 at 4; Pls. Opp'n at 2. Conn's deposition confirms this. *See* Conn Depo at 53-54 (Conn reviewed From's IEP for the first time in preparation for her deposition); 54 (Conn did not know who From was and has never met him); 90-91 (Plaintiff's counsel confirming that the bus surveillance videos were sent to Conn by counsel); 114 (Conn was asked by Plaintiffs' counsel in August 2022 to be deposed, and to review videos, a BIP, and a training that she had completed for bus drivers during the time she had worked there); 122 (Conn did not provide training to a bus driver on implementation of a BIP).

Rule 26(a)(2) "requires parties to disclose the identity of any expert witness. If the expert is one retained or specially employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony, the disclosure must be accompanied by a written report." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011). "The critical distinction between retained and non-retained experts is the nature of the testimony the expert will provide, and whether it is based only on percipient knowledge or on information reviewed in anticipation for trial." *Cantu v. United States*, 2015 WL 12743881, at *5 (C.D. Cal. Apr. 6, 2015). Conn's deposition testimony clearly establishes that her opinions proffered in this case were not based on her personal knowledge or her RUSD employment, and instead were based on reviewing information provided by Plaintiffs' counsel during this litigation. *Compare Shrader v. Pape Trucks, Inc.*, 2020 WL 5203459, at *2 (E.D. Cal. Sept. 1, 2020) (non-retained experts required to provide a written report under Rule 26(a)(2)(B) because the court considered them to be "retained experts" because they relied "on more than just their percipient observations from examining plaintiff" and their reports were prepared for litigation purposes.), *with Doe 1 v. Manhattan Beach Unified Sch. Dist.*, 2020 WL 7931596, at *4 (C.D. Cal. Dec. 22, 2020) (a former district employee was not required to provide a written report under Rule 26(a)(2)(B) as a non-retained expert because she had percipient knowledge about the underlying allegations and her testimony was based on the Title IX investigation and report she wrote prior to the

11

commencement of the litigation and during her employment at the school district.).

Because Conn's opinions are based on specialized knowledge, go beyond what she personally observed and outside her prior RUSD employment, and are based on her review of information she obtained during and in preparation for this litigation, Plaintiffs were required to submit a written expert report pursuant to Rule 26(a)(2)(B). *See also* Fed. R. Evid. 702. "The distinguishing characteristic between expert opinions that require a report and those that do not is whether the opinion is based on information the expert witness acquired through percipient observations or whether, as in the case of retained experts, the opinion is based on information provided by others in a manner other than by being a percipient witness to the events in issue." *In re Application of Republic of Ecuador*, 280 F.R.D. 506, 511 (N.D. Cal. 2012) (quotation marks omitted), *aff'd sub nom. Republic of Ecuador v. Mackay*, 742 F.3d 860 (9th Cir. 2014); *see also Goodman*, 644 F.3d at 826 (holding a treating physician is "only exempt from providing a written report under Rule 26(a)(2)(B) witness to the extent that his opinions were formed during the course of treatment" and for opinions formed on the basis of information obtained by the physician other than in the course of the treatment, a written report under Rule 26(a)(2)(B) is required.). The fact that Plaintiffs did not separately compensate or retain Conn does not obviate the requirement for a written expert report.

Federal Rule of Civil Procedure 37(c) sets forth the consequences for failing to "provide information or identify a witness as required by Rule 26(a)." Fed. R. Civ. P. 37(c)(1). If a party fails to properly disclose its experts and their reports as required under Rule 26(a)(2), that "party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.*; *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37 (c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or

harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). "The burden is on the party facing exclusion of its expert's testimony to prove the delay was justified or harmless." *Id*.

At the hearing, the Court provided Plaintiffs with an additional opportunity to provide further argument regarding substantial justification and harmlessness. Plaintiffs argued that Defendants had an opportunity to question Conn during her deposition and that Defendants first disclosed Conn as a witness. Plaintiffs also argued that Conn is similar to Sarah Brunkhorst, a Placer County Office of Education employee who Defendants disclosed as a non-retained expert and who both sides have listed as a trial witness. *See* Defs. Expert Discl. at 2 (ECF No. 51); Pl. Witness List at 5 (ECF No. 84-1); Defs. Witness List at 3 (ECF No. 84-2). Plaintiffs' argument regarding Brunkhorst fails because unlike Conn, Brunkhorst has direct percipient knowledge because she knows and worked with Sullivan From in her employment, including direct knowledge of From's IEP and BIP. Defendants argued that though they were present at Conn's deposition, they were ambushed and unprepared to question her because they had no idea that Conn would be offering the extensive opinions she offered that were not based on her percipient knowledge. Defendants were not aware until Conn's deposition that Plaintiffs' counsel had provided Conn with the bus surveillance videos, From's IEP, or From's BIP. Plaintiffs have not met their burden to establish substantial justification or harmlessness.

Because Plaintiffs did not disclose a Rule 26(a)(2)(B) written report for Conn and their failure to disclose was not substantially justified or harmless, Conn may not testify as to facts or opinions outside her personal knowledge while she was a RUSD employee, including her opinions based on her review of the bus surveillance videos, From's IEP, From's BIP, or other documents reviewed in preparation for this litigation. *See* Fed. R. Civ. P. 37(c)(1); *Goodman*, 644 F.3d at 826 & n.2, 827; *Yeti by Molly, Ltd.*,

259 F.3d at 1106.

In conclusion, Defendants' motion in limine to exclude the testimony of Conn is GRANTED IN PART AND DENIED IN PART. Conn may testify as to her personal knowledge from serving as a RUSD Board Certified Behavior Analyst in 2016-2017, including the trainings she conducted during this time period. Conn may not, however, testify as to facts or opinions outside her personal knowledge while she was a RUSD Board Certified Behavior Analyst, including her opinions based on her review of the bus surveillance videos, From's IEP, From's BIP, or other documents reviewed in preparation for this litigation.

## VII. CONCLUSION

For the reasons set forth above, Defendants' motions in limine are GRANTED IN PART AND DENIED IN PART. Motions in Limine Nos. 1, 2, and 4 are DENIED. Defendants' Motions in Limine Nos. 3 and 5 are GRANTED IN PART AND DENIED IN PART.

Dated:  October 31, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, wagn1666.17