UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA WAGNON, et al., | Case No. 2:17-cv-01666 CSK |
| Plaintiffs, | |
| v. | ORDER RE: BILL OF COSTS |
| ROCKLIN UNIFIED SCHOOL DISTRICT, et al., | (ECF Nos. 141, 142) |
| Defendants. | |

Pending before the Court are Plaintiffs Alicia Wagnon and Sullivan R. From's Bill of Costs (ECF No. 142) and Defendants Rocklin Unified School District ("RUSD"), Placer County Office of Education ("PCOE") and David Hawkins' Bill of Costs (ECF No. 141). For the reasons stated below, the Court DENIES Plaintiffs' Bill of Costs and DENIES Defendants' Bill of Costs. Each party will bear its own costs for this litigation.

**I.     BACKGROUND**

On August 11, 2017, Plaintiffs filed this action against Defendants alleging various federal and state law claims. Compl. (ECF No. 1). On May 22, 2023, Defendants sent Plaintiffs an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 for $150,000.00, which Plaintiffs did not accept. Defs.' Obj. at 4, 11-14 (ECF No. 143). On February 5, 2024, Defendants sent Plaintiffs a subsequent Offer of Judgment pursuant

to Rule 68 for $405,000.00, which Plaintiffs did not accept. *Id*. at 4, 8-10.

This action proceeded to trial on Plaintiffs' six remaining claims: (1) Section 1983 Fourth Amendment claims against Hawkins; (2) Title II of the Americans with Disabilities Act ("ADA") against the RUSD and PCOE; (3) Rehabilitation Act § 504 against the RUSD and PCOE; (4) Battery against Hawkins; (5) Negligence against Hawkins; and (6) Bane Act (Cal. Civ. Code § 52.1) against Hawkins. *See* Compl.; 3/30/2021 Order on Second Motion to Dismiss (ECF No. 22); 3/6/2023 Joint Statement (ECF No. 67); 7/5/2023 Summary Judgment Order (ECF No. 76); 9/24/2024 Joint Pretrial Statement (ECF No. 84); 10/31/24 Amended Final Pretrial Order (ECF No. 11).[1] On November 13, 2024, the jury returned a verdict in favor of Plaintiffs on their disability discrimination claims under the ADA and the Rehabilitation Act § 504, and in favor of Defendant Hawkins on Plaintiffs' Section 1983 Fourth Amendment, battery, negligence, and Bane Act (Cal. Civ. Code § 52.1) claims. Jury Verdict (ECF No. 139). The jury awarded Plaintiff From $9,000 in past non-economic damages and awarded Plaintiff Wagnon $17,000 in past economic loss, for a total of $26,000. *Id*. at 7. Judgment was entered pursuant to the jury verdict on November 15, 2024. (ECF No. 140.)

Plaintiffs now seek to recover costs totaling $16,765.42. Pls.' Bill of Costs at 1 (ECF No. 142). Defendants oppose Plaintiffs' claimed costs and seek to recover costs totaling $6,109.88 that were incurred after Plaintiffs rejected their Rule 68 offer. Defs.' Bill of Costs at 1 (ECF No. 141); Defs.' Obj. Plaintiffs also oppose Defendants' claimed costs. Pls.' Obj. (ECF No. 144).

**II.    DISCUSSION**

Pursuant to Rule 54(d)(1), the prevailing party in a lawsuit shall recover its costs "unless ... a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). "A party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding

---

[1]  All other claims were dismissed, resolved on summary judgment, or abandoned. *See* Compl.; 3/30/2021 Order on Second Motion to Dismiss; 3/6/2023 Joint Statement; 7/5/2023 Summary Judgment Order; 9/24/2024 Joint Pretrial Statement; 10/31/24 Amended Final Pretrial Order.

costs under Rule 54(d)." *d'Hedouville v. Pioneer Hotel Co.,* 552 F.2d 886 (9th Cir.1977). "In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996), *as amended* (Jan. 15, 1997); *see also Klune v. Palo Verde Health Care Dist.*, 761 F. App'x 751, 755-756 (9th Cir. 2019) (affirming the district court's decision that each side bear its own costs because plaintiff prevailed on only one claim against defendants).

Here, this case resulted in a mixed judgment. The jury returned a verdict in favor of Plaintiffs on their claims under the ADA and the Rehabilitation Act § 504, and in favor of Defendant Hawkins on Plaintiffs' four claims pursuant to Section 1983 Fourth Amendment, battery, negligence, and Bane Act (Cal. Civ. Code § 52.1). *See* Jury Verdict. Because the parties each obtained partial degrees of success for purposes of Rule 54(d), the Court finds it reasonable for each party to bear its own costs. The Court therefore exercises its discretion and concludes that each side should bear its own costs and denies Plaintiffs' Bill of Costs and Defendants' Bill of Costs. *See Amarel*, 102 F.3d at 1523.

### III.    CONCLUSION

IT IS HEREBY ORDERED that:

1. Plaintiffs' Bill of Costs (ECF No. 142) is DENIED;
2. Defendants' Bill of Costs (ECF No. 141) is DENIED; and
3. Each party will bear its own costs for this litigation.

Dated: January 7, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, wagn1666.17